IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL F. DISCH, #03398-424 | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 17-cv-718-JPG |
| | ) | |
| WARDEN TRUE, | ) | |
| | ) | |
| **Defendant.** | ) | |

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Michael Disch, an inmate who is currently incarcerated in the Federal Correctional Institution at Marion, Illinois ("FCI-Marion"), filed a Motion for Emergency Preliminary Injunctive Relief ("Motion") that is now before this Court for consideration (Doc. 1). Plaintiff "is a Care Level 3 Mental Health Inmate with many suicide attempts . . . and has high risk suicidal ideations." *Id.* Plaintiff has engaged in suicidal behaviors, such as cutting and overdosing on pills, while housed in a Solitary Housing Unit ("SHU"). *Id.* He is now housed in SHU and has been housed there since he was assaulted on April 7, 2017. *Id.* Plaintiff seeks an Order requiring him to be removed from SHU, or for his conditions in SHU to be modified, and requiring him to receive mental health treatment and therapy. (Doc. 1, p. 3). For the reasons discussed herein, Plaintiff's Motion shall be **DENIED without prejudice**.

Because the plaintiff is a prisoner, the Court must conduct a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. This is not possible, however, because Plaintiff failed to file a complaint. The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. This is "the first step in the action." *Id.*, Advisory Committee Notes, 1937 Adoption. Plaintiff's Motion (Doc. 1) does not

1

suffice as a complaint.

Although *pro se* litigants are not held to the same standards that apply to licensed attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are not entitled to general dispensation from the rules of civil procedure. *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). The requirement that all plaintiffs must file a complaint is a fundamental rule in our legal system. Without a complaint, the Court cannot ascertain the basis for jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine & Ctr., Inc. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005). Nor can the Court determine the exact causes of action that Plaintiff intends to bring against the defendant. Plaintiff is required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).

By way of example only, the case caption in the Motion refers to Warden True as the only defendant. However, the pleading does nothing to clarify what claims Plaintiff intends to assert against Defendant True, or how True may have been involved in Plaintiff's situation. In the absence of a complaint that identifies how True may be responsible for a violation of Plaintiff's rights and the conduct giving rise to such a claim, the Court is unable to fully analyze Plaintiff's claims or consider his Motion.

Plaintiff appears to recognize the requirement that a complaint must be filed to commence the action, given his statement that he will file a complaint under *Bivens* after he has exhausted his administrative remedies, which he admits he has not yet exhausted. (Doc. 1, p. 2). Plaintiff is warned that his case is subject to dismissal without prejudice if he has indeed not exhausted his administrative remedies. *See* 42 U.S.C. § 1997e(a); *see also Pavey v. Conley*, 544

F.3d 739, 740 (7th Cir. 2008); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In the meantime, because Plaintiff's Motion does not qualify as a complaint, until he files a complaint, he cannot proceed.

Without expressing any opinion regarding the ultimate merits of Plaintiff's claim(s) for relief, the Court concludes that a preliminary injunction should not be issued at this time. That being said, the Court takes Plaintiff's allegations seriously. If he wishes to renew his request for a preliminary injunction, Plaintiff is free to do so at any time after filing his complaint. *See* FED. R. CIV. P. 65(a)-(b).

**IT IS HEREBY ORDERED** that the Motion for Emergency Preliminary Injunctive Relief (Doc. 1) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that on or before **August 9, 2017**, Plaintiff shall file a complaint, thereby initiating this action. Plaintiff is reminded that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff is encouraged to use the Court's standard civil rights complaint form to prepare the pleading. He must clearly identify what claim(s) he is bringing against Defendant True. In particular, the allegations should demonstrate how Defendant True is personally responsible for any claimed violation of Plaintiff's rights.

Plaintiff is further reminded that he may not bring several unrelated claims against different defendants in the same complaint. Such unrelated claims are subject to severance into one or more separate actions, and Plaintiff will be obligated to pay a separate filing fee for each action. *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007) (unrelated claims against different defendants belong in separate lawsuits). If Plaintiff wishes to avoid severance and the associated filing fees, he should limit his complaint to claims that are factually and legally related.

Plaintiff is hereby **WARNED** that failure to file a proper complaint by the prescribed deadline will result in dismissal of this action for failure to comply with a court order and/or failure to prosecute the action. *See* FED. R. CIV. P. 41(b).

In addition, Plaintiff must prepay his full $400.00 filing fee for this action or file a Motion for Leave to Proceed *In Forma Pauperis* ("IFP motion") along with a certified copy of his Trust Fund Statement for the 6-month period immediately preceding the filing of this action (from January 10, 2017 to July 10, 2017). He is required to do so on or before **August 9, 2017**. Failure to comply with this Order shall result in dismissal of this action under Federal Rule of Civil Procedure 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a standard Civil Rights Complaint form and instructions for a person in custody and a blank form IFP motion, along with this Order.

Finally, Plaintiff is advised that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 12, 2017**

*s/J. Phil Gilbert*
United States District Judge